**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASHERY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>POSaBIT US, INC., U.S. ALLIANCE GROUP, INC., and FIRST NATIONAL BANK OF PASCO,<br><br>    Defendants. | No. 25cv5727 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On May 27, 2025, Plaintiff Hashery LLC ("Hashery") brought this action against Defendants POSaBIT US, Inc. ("POSaBIT"), U.S. Alliance Group, Inc. ("USAG"), and First National Bank of Pasco ("FNBP") (collectively "Defendants"). Against POSaBIT and USAG, Hashery alleges breach of contract and breach of the implied covenant of good faith and fair dealing. D.E. 1 ("Complaint" or "Compl.") ¶¶ 52-71. Against FNBP, Hashery alleges conversion. *Id.* ¶¶ 66-71.

Hashery's counts all concern approximately $273,820.00 in funds that POSaBIT allegedly owes Hashery but which cannot be paid out because they are frozen in an account between FNBP and USAG (the "Frozen Funds"). *Id.* ¶¶ 6-9. Hashery owns and operates a cannabis retail store in Hackensack, New Jersey. *Id.* ¶ 18. POSaBIT is responsible for processing payments made at Hashery's store and for disbursing those funds to Hashery. *Id.* ¶¶ 30-31. USAG facilitates payments for POSaBIT and relies on FNBP to host and receive payments before USAG disburses them. *Id.* ¶¶ 22-24; *see also id.* ¶ 27. Hashery complains that it is owed about $273,820.00 but

that the funds have been frozen by FNBP, preventing disbursement to Hashery and thereby putting Hashery at risk of potential closure. *Id.* ¶¶ 32-38.

Hashery's Complaint was accompanied by a motion for temporary restraints. D.E. 1-2 ("Motion" or "Mot."). The Motion seeks a temporary restraining order ("TRO") and a preliminary injunction.[1] *See id.* The Court has reviewed the Motion and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, the Court will **DENY** *without prejudice* Hashery's request for a TRO and preliminary injunction.

I.   ANALYSIS

Under Federal Rule of Civil Procedure 65(b)(1), the Court may issue a TRO without notice to the adverse parties or their attorneys only if:

(A) specific facts in an affidavit of verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Temporary restraints "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The Court must first consider: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009). The Third Circuit has long held that "an injury measured in solely monetary terms cannot constitute

---

[1] The Motion is titled "Memorandum of Law in Support of Plaintiff Hashery LLC's Motion for Issuance of a Preliminary Injunction" but was filed as a "Brief in Support of Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction." Mot.; D.E. 1. The Court construes the Motion as seeking both a TRO and a preliminary injunction.

irreparable harm" and therefore, a party alleging only monetary harm cannot be entitled to injunctive relief. *Id.* (citing *Benington Foods LLC v. St. Croix Renaissance, Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008) and *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.")).

Here, Hashery's Motion seeks to enjoin Defendants from "[w]ithholding the Frozen Funds" and "[n]ot immediately returning the Frozen Funds." D.E. 1-3 (Hashery's Proposed Order for a TRO) at 4; *see also* D.E. 1-4 (Hashery's Proposed Order for a Preliminary Injunction) at 2 (FNBP "shall immediately lift the freeze on U.S Alliance Group, Inc.'s ('USAG') FNBP account; and [] USAG and POSaBIT US, Inc. ('POSaBIT') shall immediately remit the $273,820.00 due and owing to Hashery into Hashery's account at BCB Bank"). In other words, Hashery's requested relief effectively seeks an immediate monetary payout. However, "a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement." *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011) (internal quotations omitted). Hashery cites *ITServe Alliance, Inc. v. Scalia* to support its argument that "economic loss [can] constitute irreparable harm." No. 20-14604, 2020 WL 7074391, at *5 (D.N.J. Dec. 3, 2020); Mot. at 8. Hashery is correct that an exception exists "where the potential economic loss is so great as to threaten the existence of the movant's business," but Hashery has submitted no evidence to support its argument that it "faces imminent and significant disruptions, including potential closure." *Minard Run Oil Co.*, 670 F.3d at 255; Mot. at 9.

The absence of evidence and specific facts supporting Hashery's imminent closure—beyond conclusory allegations in the Complaint—is fatal to Hashery's Motion and distinguishes Hashery's case from *ITServe Alliance*. In *ITServe Alliance*, the movants challenged an Interim

3

Final Rule that changed prevailing wage rates for H-1B workers. *ITServe Alliance*, 2020 WL 7074391 at *10. The movants submitted declarations and documentary evidence explaining how the wage increases under the Interim Final Rule were "nearly impossible" to withstand based upon the percentage of the movants' income already spent on paying wages and based upon the movants' fixed long-term contracts that relied upon previously "prevailing wage computations that had been in place for fifteen years." *Id.* Here, in contrast, there is no such evidence. Indeed, the only exhibit attached to the Motion is an "Electronic Payment Services Agreement" between what appears to be Hashery, POSaBIT, and USAG. D.E. 1-1. Although this exhibit may show that an agreement between Hashery, POSaBIT, and USAG exists, it is not evidence that Hashery faces potential closure. Without more, this Court may not grant Hashery's Motion. *See Liberty Lincoln-Mercury, Inc.*, 562 F.3d at 557 (reversing the district court's preliminary injunction because the Third Circuit did "not see in the record before us any evidence of a non-monetary injury").

The Court also notes that Hashery has been on notice since at least April 15, 2025, that approximately $273,820.00 of its funds were frozen. Yet, Hashery nevertheless alleges that it will face potential closure without remittance of the Frozen Funds within five days. Compl. ¶¶ 32-35. The Court is not persuaded that under these circumstances, the extraordinary relief of a TRO or a preliminary injunction is warranted. Therefore, this Court **DENIES** Hashery's Motion *without prejudice*. Hashery, however, may provide the Court with evidence to support its claims of irreparable harm and refile.

## II.     CONCLUSION AND ORDER

**IT IS**, therefore on this 30th day of May, 2025,

**ORDERED** that Plaintiff's Motion, D.E. 1-2, will be construed as a motion for a temporary restraining order and for a preliminary injunction pursuant to Fed. R. Civ. P. 65; and it is further

**ORDERED** that Plaintiff's Motion, D.E. 1-2, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff.

May 30, 2025

/s/Evelyn Padin
Evelyn Padin, U.S.D.J.